**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

BILL WISSER

                *Plaintiff*,      : Index No. 17-cv-4213(ER)

                                 : ECF Case

   vs.

                                 :**AFFIDAVIT IN SUPPORT OF**
                                 :**MOTION FOR DEFAULT**

ZAGAT, INC.

                *Defendant.*
------------------------------------------------------------x

STATE OF NEW YORK    )
                                )     SS.:
COUNTY OF NASSAU   )

        <u>YEKATERINA TSYVKIN</u>, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and a principal at the firm of Liebowitz Law Firm PLLC, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to this Court's Individual Rules and Practices in Civil Cases, Attachment A, in support of plaintiff's motion for the entry of a default judgment against defendant.

3. Plaintiff Wisser filed the Complaint in this action on June 5, 2017. See Dkt. 1. On July 14, 2017, the Defendant was served a Summons, Civil Cover Sheet and Complaint through its registered agent. See Dkt. 6. Pursuant to Fed. R. Civ. P. an answer or a response was due on August 4, 2017.

4. On August 18, 2017 the Plaintiff requested an entry of default. On August 24, 2017 the Clerk issued a Certificate of Default. See Dkt. 8.

5. On November 7, 2017 the Plaintiff submitted a proposed Order to Show Cause.

6. Given the exclusivity of the photograph, its value to the infringer, Plaintiff proposes actual damages in the amount of $10,000, including interest. Actual damages consist of a loss suffered by the Plaintiff as well as any gain, benefit, and advantage to the Defendant as a result of the infringement.

7. We believe that an inquest into damages would be unnecessary because the the Defendant's choice to ignore these proceedings should be construed against it into order to avoid a lengthy and intensive inquiry into damages. Defendant's choice to abstain from these proceedings have deprived the Plaintiff of a measure of actual damages that includes gains, benefits, advantages stemming from the infringement. Defendant's neglect should be construed against it. In many courts have viewed a defendant's choice not to defend itself as tantamount to willfulness. A defendant has frequently been deemed a willful infringer by virtue of its default. Therefore, the Defendant should be deemed a willful infringer. See *Lane Crawford LLC v. Kelex Trading (CA) Inc.*, No. 12 CIV. 9190 GBD AJP, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, No. 12 CIV. 9190 GBD AJP, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014) (collecting cases).

DATED: November 7, 2017  Respectfully Submitted,
Valley Stream, NY  /s/Yekaterina Tsyvkin

Yekaterina Tsyvkin
Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel. (516) 233-1660

*Attorneys for Bill Wisser*